319 Ga. 306
FINAL COPY

S24U0609. IN RE FORMAL ADVISORY OPINION NO. 22-1.

PER CURIAM.

The State Bar of Georgia has requested discretionary review of Formal Advisory Opinion (FAO) No. 22-1, which addresses the topic of remote work by non-Georgia lawyers living in Georgia.[1] The Formal Advisory Opinion Board drafted this FAO after accepting the request made by the Office of the General Counsel for the State Bar of Georgia to address this issue.[2] See State Bar Rule 4-403 (b).[3]

FAO No. 22-1 was first posted on the State Bar of Georgia's

---

[1] The following summary of the history of the FAO is based on the representations and exhibits provided in the State Bar of Georgia's filings in this Court.

[2] The Office of the General Counsel represents that it made this request after the Supreme Court of Florida issued an advisory opinion regarding out-of-state attorneys working remotely from Florida.

[3] State Bar Rule 4-403 (b) says:

When a Formal Advisory Opinion is requested, the Formal Advisory Opinion Board should review the request and make a preliminary determination whether a Proposed Formal Advisory Opinion should be drafted. Factors to be considered by the Formal Advisory Opinion Board include whether the issue is of general interest to the members of the State Bar of Georgia, whether a genuine ethical issue is presented, the existence of opinions on the subject from other jurisdictions, and the nature of the prospective conduct.

1

website from September 26 through October 26, 2022, and members of the State Bar were invited to submit comments. See State Bar Rule 4-403 (c).[4] The Board received five comments and decided to modify the proposed advisory opinion as a result. The modified FAO No. 22-1 was published on the State Bar's website from May 9 through June 9, 2023. The Board received one comment, which supported approval of the FAO.

On September 26, 2023, the Board made a final determination to approve FAO No. 22-1, and the State Bar filed a petition for discretionary review of the FAO in this Court. See State Bar Rule 4-403 (d).[5] On April 11, 2024, we granted the State Bar's petition for

---

[4] Bar Rule 4-403 (c) says:

When the Formal Advisory Opinion Board makes a preliminary determination that a Proposed Formal Advisory Opinion should be drafted, it shall publish the Proposed Formal Advisory Opinion either in an official publication of the State Bar of Georgia or on the website of the State Bar of Georgia, and solicit comments from the members of the State Bar of Georgia. If the proposed Formal Advisory Opinion is published on the State Bar of Georgia website only, the State Bar of Georgia will send advance notification by e-mail to the entire membership that have provided the State Bar of Georgia with an e-mail address, that the proposed opinion will be published on the State Bar of Georgia website. Following a reasonable period of time for receipt of comments from the members of the State Bar of Georgia, the Formal Advisory Opinion Board shall then make a final determination to either file the Proposed Formal Advisory Opinion as drafted or modified, or reconsider its decision and decline to draft and file the Proposed Formal Advisory Opinion.

[5] Bar Rule 4-403 (d) says:

After the Formal Advisory Opinion Board makes a final determination that the Proposed Formal Advisory Opinion should be drafted and filed, the

2

discretionary review. See id.

After considering the record and the State Bar's brief, we hereby approve FAO No. 22-1, which is attached to this opinion as an Appendix.

*Formal Advisory Opinion No. 22-1 approved. All the Justices concur.*

---

Formal Advisory Opinion shall then be filed with the Supreme Court of Georgia and republished either in an official publication of the State Bar of Georgia or on the website of the State Bar of Georgia. If the proposed Formal Advisory Opinion is to be republished on the State Bar of Georgia website only, the State Bar of Georgia will send advance notification by e-mail to the entire membership that have provided the State Bar of Georgia with an e-mail address, that the proposed opinion will be republished on the State Bar of Georgia website. Unless the Supreme Court of Georgia grants review as provided hereinafter, the opinion shall be binding only on the State Bar of Georgia and the person who requested the opinion, and not on the Supreme Court of Georgia, which shall treat the opinion as persuasive authority only. Within 20 days of the filing of the Formal Advisory Opinion or the date the official publication is mailed to the members of the State Bar of Georgia (if the opinion is published in an official publication of the State Bar of Georgia), or first appears on the website of the State Bar of Georgia (if the opinion is published on the website), whichever is later, the State Bar of Georgia or the person who requested the opinion may file a petition for discretionary review thereof with the Supreme Court of Georgia. The petition shall designate the Formal Advisory Opinion sought to be reviewed and shall concisely state the manner in which the petitioner is aggrieved. If the Supreme Court of Georgia grants the petition for discretionary review or decides to review the opinion on its own motion, the record shall consist of the comments received by the Formal Advisory Opinion Board from members of the State Bar of Georgia. The State Bar of Georgia and the person requesting the opinion shall follow the briefing schedule set forth in Supreme Court of Georgia Rule 10, counting from the date of the order granting review. The final determination may be either by written opinion or by order of the Supreme Court of Georgia and shall state whether the Formal Advisory Opinion is approved, modified or disapproved, or shall provide for such other final disposition as is appropriate.

In accordance with this rule, the opinion was republished on the State Bar's website on January 16, 2024.

**STATE BAR OF GEORGIA**
**FORMAL ADVISORY OPINION NO. 22-1 (Proposed FAO No. 21-R1)**
**Approved on June 11, 2024 Pursuant to Bar Rule 4-403**
**By Order of the Supreme Court of Georgia**
**Supreme Court Docket No. S24U0609**
**(Proposed Formal Advisory Opinion No. 21-R1)**

**QUESTION PRESENTED:**
Under Georgia Rule of Professional Conduct 5.5, may a Domestic Lawyer or a Foreign Lawyer provide legal services by remote means from Georgia while residing in Georgia, when the services have no relationship with Georgia other than the lawyer's physical location?

**SUMMARY ANSWER:**
Yes, under certain conditions. A Domestic or Foreign Lawyer residing and working in Georgia may provide legal services by remote means that have no relationship to Georgia other than the lawyer's physical location if: (a) the lawyer does not hold out or otherwise represent that they are licensed in Georgia; (b) the lawyer takes reasonable steps to ensure that the lawyer's Georgia location is not generally known; and (c) the lawyer takes reasonable steps to correct any misunderstanding about the lawyer's licensure.[1]

**OPINION:**
Under the Georgia Rules of Professional Conduct, a lawyer who is licensed elsewhere but not in Georgia is defined as either a "Domestic Lawyer" or a "Foreign Lawyer." A "Domestic Lawyer" is "a person authorized to practice law by the duly constituted and authorized governmental body of any state or territory of the United States or the District of Columbia but not authorized by the Supreme Court of Georgia or its rules to practice law in the state of Georgia."[2] A "Foreign Lawyer" is "a person authorized to practice law by the duly constituted and authorized governmental body of any

---

[1] Apart from the question addressed in this opinion, Domestic and Foreign Lawyers must consider whether practicing while physically residing in Georgia violates Georgia law. Part 14 of the Rules and Regulations Governing the State Bar of Georgia sets forth the rules governing the investigation and prosecution of the unlicensed practice of law. Rule 14-1.1 notes that the Supreme Court of Georgia has the inherent authority to regulate the practice of law, including the unlicensed practice of law. Rule 14-2.1 (a) defines the unlicensed practice of law to "mean the practice of law, as prohibited by statute, court rule, and case law of the State of Georgia." Under OCGA § 15-19-51, it is a crime for "any person other than a duly licensed attorney" to practice law in Georgia. Whether the activities of a Domestic or Foreign Lawyer who is physically residing in Georgia violate Georgia law is a question of law on which the FAOB may not render an opinion, as its authority is limited to interpreting the Georgia Rules of Professional Conduct. GA. RULES OF PROF'L CONDUCT R. 4-403 (a) (2023).

[2] GA. RULES OF PROF'L CONDUCT R. 1.0 (f) (2023).

foreign nation but not authorized by the Supreme Court of Georgia or its rules to practice law in the state of Georgia."[3]

The Formal Advisory Opinion Board ("FAOB") has been asked to provide guidance about a hypothetical Domestic or Foreign Lawyer who has taken up residence in Georgia. Using telephone, email, cloud file storage, videoconferencing, and other technologies, the lawyer practices law from Georgia while residing in Georgia but provides no legal services that have any connection to Georgia other than the lawyer's physical location. The narrow question for the FAOB is whether Rule 5.5 is violated under these specific circumstances.[4]

Georgia Rule of Professional Conduct 5.5 sets forth the limited circumstances under which a Domestic or Foreign Lawyer may provide legal services "in Georgia." It permits Domestic Lawyers to provide in Georgia certain services on an ongoing basis for the lawyer's employer or its organizational affiliates and services that the lawyer is authorized to provide by federal or Georgia law.[5] Foreign Lawyers may provide in Georgia some ongoing services for the lawyer's employer or its organizational affiliates.[6] Rule 5.5 also permits both Domestic and Foreign Lawyers to provide some legal services in Georgia if the services are performed on a temporary basis.[7]

The Georgia Rules of Professional Conduct do not define what it means to provide legal services "in Georgia." This Opinion concerns only hypothetical activities that have no connection to Georgia other than the physical location of the Domestic or Foreign Lawyer rendering the service. The hypothetical services do not relate to any Georgia client, lawsuit, or alternative dispute resolution proceeding. They do not involve Georgia law or any property located in Georgia. They do not involve any

---

[3] GA. RULES OF PROF'L CONDUCT R. 1.0 (h) (2023).

[4] A corollary question concerns the circumstances under which lawyers admitted to practice in Georgia may practice law by remote means while physically residing outside of Georgia. Under Georgia Rule of Professional Conduct 8.5 (a), a lawyer licensed in Georgia is subject to the disciplinary authority of Georgia no matter where the lawyer's activities occur. Georgia Rule 5.5 (a) provides: "A lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction." Georgia lawyers who are practicing law remotely from other jurisdictions must ensure that their activities do not violate the law or the rules of those jurisdictions. This is potentially a complex question for which Georgia lawyers may need to consult authorities from other jurisdictions, such as those cited in this Opinion.

[5] GA. RULES OF PROF'L CONDUCT R. 5.5 (d) (2023).

[6] GA. RULES OF PROF'L CONDUCT R. 5.5 (f) (2023).

[7] GA. RULES OF PROF'L CONDUCT R. 5.5 (c) (2023) (Domestic Lawyers) and 5.5 (e) (Foreign Lawyers).

organization or its affiliates with offices in Georgia. The FAOB concludes that providing such legal services from Georgia is not the provision of legal services "in Georgia" within the meaning of Rule 5.5.[8] The limitations of Rule 5.5 on the circumstances under which Domestic or Foreign Lawyers may provide legal services in Georgia are thus inapplicable to the hypothetical activities addressed in this Opinion.

Even if a Domestic or Foreign Lawyer is not providing legal services "in Georgia," Rule 5.5 prohibits certain other activities. Domestic or Foreign Lawyers may not, except as authorized by other rules or other law, "establish an office or other systematic and continuous presence in this jurisdiction for the practice of law" or "hold out to the public or otherwise represent that the [Domestic Lawyer or Foreign Lawyer] is admitted to practice law in this jurisdiction."[9] The purpose of these prohibitions is to prevent the public from being misled about the Domestic or Foreign Lawyer's licensure. Obviously, an affirmative misrepresentation creates a risk that the public will be misled. So does the establishment of a physical office or other systematic and continuous presence for the practice of law in a state where the lawyer is not licensed.[10] The question for the FAOB therefore is whether a Domestic or Foreign Lawyer who resides in Georgia and renders legal services by remote means from Georgia can take steps to ensure that the public will not be misled about the lawyer's licensure.

The answer is yes. The Domestic or Foreign Lawyer must not affirmatively misrepresent themselves as licensed in Georgia. The lawyer must practice only remotely and take all other reasonable steps to ensure that the lawyer's provision of legal services from Georgia is not generally known to the public. For example, the

---

[8] See Hazard, Hodes, Jarvis & Thompson, LAW OF LAWYERING FOURTH ED. § 49.05 (2022-1 Supp. At 49-23) ("As a matter of public policy, the legitimate interest of the state of residence of the lawyer's home office in enforcing its own UPL rules in such instances will be either small or nonexistent. Practicing law 'from' a state in the absence of other connections between that practice and the state is not the same as practicing law 'in' a state.")

[9] GA. RULES OF PROF'L CONDUCT R. 5.5 (b) (Domestic Lawyers) and 5.5 (e) (Foreign Lawyers) (2022). This Opinion assumes that the hypothetical Domestic or Foreign Lawyer is not authorized by any rule or other law to establish an office or other continuous and systematic presence in Georgia for the practice of law.

[10] See Hazard, Hodes, Jarvis & Thompson, LAW OF LAWYERING FOURTH ED. § 49.05 (2022-1 Supp. at 49-24) ("a prohibition against maintaining a *physical* office for lawyers not licensed in the state is sensible, precisely because members of the public will not even think to ask about licensure when they are sitting across an office table from a flesh and blood lawyer....) and 49-26 ("In addition to the ban on out-of-state lawyers opening in-state offices, Rule 5.5 (b) (1) also prohibits the establishment of any 'other systematic and continuous presence' in the jurisdiction for the practice of law (emphasis added). Although this second dividing line is not as sharp as the first one, the idea animating the two prohibitions is the same.").

lawyer must not reveal their Georgia location in advertisements, letterhead, business cards, or on the internet. If the lawyer knows or reasonably should know that a member of the public believes that the lawyer is licensed in Georgia, the lawyer must give an appropriate disclaimer. By providing legal services from Georgia under these conditions, even on a continuous basis, the lawyer negates the risk that the public will be confused about the lawyer's licensure. The hypothetical Domestic or Foreign Lawyer has not therefore established an office or other continuous and systematic presence for the practice of law in Georgia in violation of Rule 5.5.

Other authorities agree.[11] For example, the Supreme Court of Florida approved an advisory opinion that it would be permissible for a lawyer not licensed in Florida to practice federal intellectual property law from his Florida home through his internet connection to his New Jersey law firm, where the lawyer "would have no public presence or profile as an attorney in Florida" and "neither he nor his firm will advertise or otherwise inform the public of his remote work presence in Florida."[12] That opinion concluded that, under Florida's version of Rule 5.5, the lawyer "will not be establishing a regular presence in Florida for the practice of law; he will merely be living here."[13] Since then, the Florida Rules of Professional Conduct have been amended to add a comment to its version of Rule 5.5 that is consistent with the Florida advisory opinion.[14] Similarly, the Utah Ethics Advisory Committee posed and answered this question about Utah's version of Rule 5.5: "what interest does the Utah State Bar have in regulating an out-of-state lawyer's practice for out-of-state clients simply because he has a private home in Utah? And the answer is … none."[15] In New Jersey, a lawyer licensed elsewhere does not establish a continuous and systematic presence for the practice of law if the lawyer only practices out-of-state law and has no "outward manifestation of physical presence, as a lawyer, in New Jersey."[16]

---

[11] Other states differ somewhat in how they articulate the conclusion, but only the Committee on Unauthorized Practice of Law of the District of Columbia Court of Appeals has taken a more restrictive view. It concluded that a lawyer not licensed in the District of Columbia could provide services from D.C. only if the lawyer was practicing from home due to the Covid-19 pandemic and other conditions were met. See Opinion 24-20: Teleworking from Home and the Covid-19 Pandemic (2020).

[12] The Florida Bar: Re Advisory Opinion – Out-of-State Attorney Working Remotely from Florida Home, 318 So. 3d 538, 540 (2021).

[13] Id. at 541.

[14] In Re Amendments to Rule Regulating the Florida Bar 4-5.5, 334 So.3d 1272 (2022).

[15] Utah Ethics Advisory Committee Opinion 19-03 (2019) at 7.

[16] Joint Opinion of the New Jersey Committee on the Unauthorized Practice of Law (Opinion 59) and the New Jersey Advisory Committee on Professional Ethics (Opinion 742) at 2 – 3

It is important to highlight the limits of this opinion. We conclude that a Domestic or Foreign Lawyer does not violate Rule 5.5 by providing legal services by remote means from Georgia (but not "in Georgia") while residing in Georgia, under specific conditions. The lawyer must not misrepresent the lawyer's lack of Georgia law license. The lawyer also must take reasonable steps to ensure that the Georgia location of the lawyer is not generally known and to correct any misunderstanding of the lawyer's licensure. For Domestic and Foreign Lawyers who wish to practice from Georgia, this Opinion provides a safe harbor from the limits of Rule 5.5. This Opinion does not purport, however, to provide guidance beyond that. Domestic or Foreign Lawyers who provide services "in Georgia" or whose presence in Georgia becomes generally known must consult Rule 5.5 and other applicable law to determine the propriety of such activities.

---

(2021). See also Va. Legal Ethics Op. 1896 (2022); Wisconsin Formal Ethics Opinion EF-21-02 (2021); ABA Formal Op. 495 (2020). Arizona, New York, Minnesota, New Hampshire, and North Carolina have addressed the issue in their rules rather than by ethics opinions. AZ. RULES OF PROF'L CONDUCT R 5.5(d); N.Y. CT. APP. RULES FOR THE TEMPORARY PRACTICE OF LAW IN NEW YORK § 523.5; MN. RULES OF PROF'L CONDUCT R 5.5(d); N.H. RULES OF PROF'L CONDUCT R. 5.5(d)(3); N.C. RULES OF PROF'L CONDUCT R 5.5(d)(2).

Decided June 11, 2024.

Formal Advisory Opinion.

*Paula J. Frederick, General Counsel State Bar, John J. Shiptenko, Assistant General Counsel State Bar*, for appellant.